NO. 12-03-00256-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




KENDALL GLEN DENNIS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS






MEMORANDUM OPINION


 Kendall Glen Dennis ("Appellant") appeals the trial court's revocation of his deferred
adjudication probation. Appellant raises two issues on appeal. We dismiss a portion of this appeal
for want of jurisdiction and affirm the remainder.


Background

 Appellant was charged by indictment with burglary of a habitation and pleaded "guilty." The
trial court deferred an adjudication of guilt and placed Appellant on community supervision for five
years. On August 20, 1999, the State filed a motion to revoke Appellant's community supervision
alleging that, among other things, Appellant had failed to report to his community supervision officer
and had failed to complete 240 hours of community service as ordered by the trial court. Appellant
pleaded "not true" to each of the allegations in the State's motion. Following a hearing, the trial
court revoked Appellant's community supervision, adjudicated Appellant guilty of burglary of a
habitation, and sentenced Appellant to imprisonment for twenty years. Appellant did not timely file
an appeal following the trial court's judgment. The court of criminal appeals subsequently granted
relief on Appellant's writ of habeas corpus permitting this appeal out-of-time.


Appeal of Revocation of Deferred Adjudication Probation

 In his first and second issues, Appellant argues that he received ineffective assistance of
counsel. (1) Texas Code of Criminal Procedure Article 42.12, section 5(b) governs the situation at
issue. Article 42.12, section 5(b) states as follows:


 On violation of a condition of community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to
a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this determination. 


Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004) (emphasis added). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases dealing with situations similar to the instant case. See Connolly, 983
S.W.2d at 740-741 (citing Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992)
(explaining that court of criminal appeals had "held from the beginning of deferred adjudication
practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if the appellant's right to counsel had been violated, the appellant could not use
direct appeal as the vehicle with which to seek redress); Wright v. State, 592 S.W.2d 604, 606 (Tex.
Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt on the original charge); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's decision to proceed with an
adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:

 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).

Connolly, 983 S.W.2d at 741.

 In our view, given the factual similarities between Connolly, its progeny, and the case at
hand, the holdings in Connolly and the cases cited therein control the instant case as it relates to the
trial court's decision to proceed to adjudication. See also Phynes, 828 S.W.2d at 2. Considering
the plain meaning of article 42.12, section 5(b) and the long line of authority from the court of
criminal appeals on the issue, we hold that Appellant cannot raise the issue of ineffective assistance
of counsel, insofar as that issue arises out of the trial court's decision to proceed with the
adjudication of guilt following the revocation of Appellant's probation. Therefore, to the extent that
Appellant's first and second issues relate to the trial court's decision to proceed with adjudication,
we lack jurisdiction to consider them.


Ineffective Assistance of Counsel

 To the extent that Appellant's first and second issues relate to matters which occurred after
the trial court's adjudication of guilt, such issues are appropriate for our consideration. (2) In issues
one and two, Appellant argues that his trial counsel was ineffective in that (1) he failed to examine
any of the state's witnesses, (2) he failed to challenge the statement taken from Appellant under
suspicious circumstances, and (3) he elicited testimony from Appellant which would permit a
revocation on the State's community service allegation. 

 Claims of ineffective assistance of counsel are evaluated under the two-step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires the appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel's representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.-
Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other
cases with inadequate records to support ineffective assistance claim). A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness
claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.- Houston [1st Dist.] 1994, pet. ref'd).

 In the case at hand, the record is completely silent as to the reasons Appellant's trial counsel
chose the course he did. Appellant's motion for new trial is wholly unsupported by any such
evidence and no hearing was conducted thereon. As such, we hold that Appellant has not met the
first prong of Strickland because the record does not contain evidence concerning Appellant's trial
counsel's reasons for choosing the course he did. As such, we cannot conclude that Appellant's trial
counsel was ineffective. To the extent that they relate to matters occurring after the trial court's
adjudication of guilt, Appellant's issues one and two are overruled.


Conclusion

 We have concluded that we do not have jurisdiction to consider Appellant's issues one and
two insofar as they relate to the trial court's decision to proceed to adjudication. To such an extent,
we dismiss Appellant's case for want of jurisdiction. We have overruled Appellant's issues one and
two as they relate to matters occurring after the trial court's adjudication of guilt. As such, we affirm
the trial court's judgment.

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 17, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




















(DO NOT PUBLISH)
1. Appellant argues that his appeal concerns the trial court's denial of his motion for new trial rather than the
trial court's decision to proceed to adjudication. Appellant's motion for new trial was not specific as to the
underlying grounds for Appellant's ineffective assistance claim. In his brief, Appellant's argument makes some
reference to the sentence imposed on Appellant, as well as matters pertaining to the trial court's decision to proceed
to adjudication.
2. Although a trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and
is not reviewable, after an adjudication of guilt, all proceedings, including assessment of punishment ... and
defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code. Crim. Proc. Ann. 
art. 42.12 § 5(b) (Vernon Supp. 2004). Appellant's brief argues in part that his counsel's actions relate to the
sentenced imposed on Appellant. We may review issues pertaining to Appellant's sentence.