**Phouthasack PHETVONGKHAM,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–463–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 17, 1992.

Kenneth Paul Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant, Phouthasack Phetvongkham, was convicted by a jury of aggravated robbery. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon 1990). Punishment was assessed by the jury at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a $10,000.00 fine. We affirm.

The evidence showed that three men robbed Billings Jewelry store in Houston, Texas on December 7, 1990. Billings Jewelry had an automatic front door which could only be opened by an employee, and which closed automatically behind each person who entered. The first robber who entered the store was a clean-cut hispanic male. One employee let him inside because he looked like a customer. As soon as the door was opened, and the man entered, he stood in the doorway, and kept the door from closing. A man later described as an Asian male and another man described as a "white guy" appeared from around the corner, and entered the store.

Once inside, the men displayed guns, and proceeded to take about $55,000.00 in jewelry and $150.00 in cash. The men then left. The police arrived on the scene immediately after the robbers left. The three employees in the store described the robbers and indicated that the robbery had just occurred. One policeman testified that as he drove to the scene, he saw a person matching one robber's description entering a wooded area by the store. A search of the area did not turn up the man.

On January 20, 1992, a confidential informant told Officer Virgil Price that an Asian male named "Kit" was involved in the robbery. Officer Price relayed the information to Officer Jess Fondon, who was involved in the Asian Gang task force. Fondon provided Price with information on "Kit," including his real name, Phouthasack Phetvongkham, and a mug shot. Price then created an array of six pictures and showed it to the employees at the jewelry store. The employees identified the picture of "Kit" as the Asian robber. Based upon this, appellant was arrested.

Appellant was indicted and charged with aggravated robbery. He requested a jury trial. His first trial ended in a hung jury. Appellant was convicted in a second trial.

Appellant's counsel has filed a brief stating that the appeal is frivolous, referring to nothing in the record which could arguably support a reversal. The brief complies with the requirements found in *Anders v. California*, 386 U.S. 738, 745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Appellant was informed of his right to review the record and file a *pro se* brief. He has done so.

By one point of error, appellant complains in his *pro se* brief of ineffective assistance of counsel. He argues that counsel was ineffective because he failed to 1) thoroughly cross-examine witnesses regarding certain alleged inconsistencies in their testimony; 2) object to improper jury argument; and 3) conduct an investigation into appellant's alibi.

The right to effective assistance of counsel is guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* established a two-part test to determine whether counsel's representation was so deficient that a new trial is required. To receive a new trial, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. The defendant must also show that "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.*

Texas law also requires effective assistance of counsel. Article 1, § 10 of the Texas Constitution provides the citizen charged with a crime the right to counsel. The *Strickland* test has been expressly adopted by the Court of Criminal Appeals for analysis of the effectiveness of counsel's representation during the guilt/innocence phase of a non-capital criminal trial. *Black v. State*, 816 S.W.2d 350, 356 (Tex.Crim.App.1991); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). These decisions held that the Texas constitution does not require a higher or different standard of effectiveness than the federal constitution. *Black*, 816 S.W.2d at 356; *Hernandez*, 726 S.W.2d at 56–57.

To receive a new trial on appeal, the defendant must establish by the preponderance of the evidence facts supporting the *Strickland* test. *Moore v. State*, 694 S.W.2d 528, 532 (Tex.Crim.App.1985). These facts must appear in the record. *See Holland v. State*, 761 S.W.2d 307, 321 (Tex.Crim.App.1988). In addition, the defendant must overcome the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Kinnamon v. State*, 791 S.W.2d 84, 97 (Tex.Crim.App.1990). And the defendant must overcome the presumption that counsel's actions were based on a plausible trial strategy. *See Holland*, 761 S.W.2d at 321 (citing *Ex Parte Ewing*, 570 S.W.2d 941, 945 (Tex.Crim.App.1978)) (full inquiry into counsel's trial strategy will be undertaken only if there is no plausible basis for actions at trial); *Reeves v. State*, 805 S.W.2d 616, 617 (Tex.App.—Beaumont 1991, pet. ref'd); *Ross v. State*, 800 S.W.2d 262, 267 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

The totality of counsel's representation is reviewed, and not merely isolated errors. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986). Moreover, we review counsel's performance based on counsel's perspective at trial, and not with 20/20 hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Holland*, 761 S.W.2d at 321.

Appellant's first complaint is that counsel's performance was deficient because he failed to cross-examine witnesses based on inconsistencies in their testimony. The Officer who first arrived on the scene testified that he had to wait at the door to be let inside the jewelry store. However, the owner testified that she met him outside the door. One of the employees testified that the store was closed after the robbery, and the owner testified that it remained open for business.

Officer McLaughlin testified that he came back to the store approximately thirty to forty minutes after investigating the park. The owner testified that he returned an hour later. An employee stated it was five to ten minutes.

One employee testified that another employee saw the photo array immediately after she did; however, the officer who showed both employees the photo array testified that he showed it to the second employee several days after he showed it to the first.

Counsel's failure to cross-examine the witnesses on these issues was not inef-

fective assistance. These issues were irrelevant to the principal issue in the case, which was identification. Counsel is not required to point out all inconsistencies in testimony during the course of trial, particularly on irrelevant matters. This alleged error was not "so serious as to deprive the defendant of a fair trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Moreover, counsel's actions can be adequately described as trial strategy. Counsel's apparent strategy was to focus the jury's attention on the fact that the witnesses testified that the Asian robber had long hair, and that appellant customarily wore his hair shorter. Counsel's decision not to cross-examine witnesses on irrelevant discrepancies was consistent with a plausible trial strategy. *See Ex Parte Ewing,* 570 S.W.2d at 945. Thus, absent any evidence in the record that this was not counsel's trial strategy, the presumption that counsel's strategy constituted reasonably effective assistance cannot be overcome.

■■■ Appellant's next argument is that counsel did not object to improper jury argument. During closing argument the State argued "you have seen that firearm;" while discussing the type of weapon used in the robbery. The actual weapon was never recovered, and a different but similar weapon was admitted for demonstrative purposes. Counsel did not object to this argument.

We agree that it was error for the State to refer to the demonstrative exhibit as "that firearm," however, we find the error harmless beyond a reasonable doubt. *Harris v. State,* 790 S.W.2d 568, 586–88 (Tex.Crim.App.1989); Tex.R.App.P. 81(b)(2).

■■■ The general rule is that proper jury argument by the State involves: summation of the evidence, deductions from the evidence, an answer to the defendant's argument, and a plea for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Crim.App.1990). Examples of improper closing argument include references to facts not in evidence or incorrect statements of law. *See Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App.1983);

*Palmer v. State,* 148 Tex.Crim. 39, 184 S.W.2d 471, 472 (App.1945).

This argument was a mischaracterization of demonstrative evidence as real evidence; thus, the argument was clearly improper. However, the jury was informed that the exhibit was admitted for demonstrative purposes. No evidence indicated that the actual weapon, or, for that matter, any weapon, was found in appellant's possession. We find the error harmless.

It follows that counsel's failure to object to the argument was not so serious that it resulted in a trial whose result is unreliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■■■ Appellant's next argument is that counsel was ineffective because he failed to investigate appellant's alibi.

The appellant has the burden to bring forward a sufficient record to establish error. Tex.R.App.P. 50(d). The record before us does not show that counsel failed to investigate the alibi. Consequently, appellant has failed to establish by a preponderance of the evidence that counsel's performance was ineffective.

In *Johnson v. State,* 691 S.W.2d 619, 626 (Tex.Crim.App.1984), the Court of Criminal Appeals overruled appellant's contention that counsel was ineffective for failing to interview witnesses before trial because no evidence supported this contention. *Johnson,* like this case, was a direct appeal.

Direct appeals often present a limited record for review of the typical issues raised in an ineffective assistance point. *See e.g. Id.* One way to get evidence of counsel's trial strategy or other matters in the direct appeal record is through a motion for new trial. *See Motley v. State,* 773 S.W.2d 283, 290 (Tex.Crim.App.1989) (evidence relating to counsel's trial strategy appeared in the record because a motion for new trial was held on the issue of counsel's ineffective assistance). Another way to develop a proper record is through a hearing in a *habeas corpus* collateral attack. *See generally* Tex.Code Crim.Proc. Ann. art. 11.01 *et seq* (Vernon 1992). Since neither procedure was followed, we cannot

fully address appellant's final claim because the record does not support his argument. *See Holland,* 761 S.W.2d at 321 (the record must support appellant's claims of ineffective assistance).

Appellant's sole point of error is overruled. The trial court's judgment is affirmed.