NO. 12-02-00201-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DWIGHT GRIFFIN,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Dwight Griffin ("Appellant") appeals his conviction for retaliation, for which he was
sentenced to imprisonment for fifteen years. Appellant raises one issue on appeal. We affirm.


Background

 On October 28, 2001, Appellant was arrested for public intoxication after he was found lying
in the driveway of a motel in Tyler, Texas. After he was placed in the back seat of the arresting
officer's patrol vehicle, Appellant made a threatening remark to the officer. Appellant was indicted
for retaliation and pleaded guilty. Following Appellant's guilty plea, Appellant retained new counsel
and withdrew his guilty plea. (1) At the conclusion of a trial on the merits, a jury found Appellant
guilty as charged. The same jury also found the enhancement paragraph in the indictment to be true
and assessed Appellant's punishment at imprisonment for fifteen years. The trial court sentenced
Appellant accordingly and this appeal followed.


Ineffective Assistance of Counsel

 In his sole issue, Appellant argues that his trial counsel was ineffective for the following
reasons: (1) he filed a motion to withdraw Appellant's guilty plea; (2) he attempted to quash
enhancement paragraphs in the indictment without legitimate grounds to do so; (3) he filed a
handwritten motion for continuance on the day of trial; (4) he failed to challenge any juror for cause
during voir dire; (5) he failed to effectively cross-examine the State's witnesses or otherwise
challenge their respective testimonies; (6) he failed to challenge the police report of the arresting
officer; (7) he made multiple side bar comments before the jury; (8) he made a poorly reasoned
motion for directed verdict; (9) he failed to offer Appellant's mother's credentials as a nurse; and
(10) he employed a theory of the case which did not provide the jury with a reason to acquit
Appellant. Claims of ineffective assistance of counsel are evaluated under the two-step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires the appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel's representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.]
1994, pet. ref'd).

 In the case at hand, the record is almost completely silent as to the reasons Appellant's trial
counsel chose the course he did. The only instance where there is some indication as to the reason
for Appellant's counsel's actions relates to the withdrawal of Appellant's guilty plea. Our review
of the record reveals that Appellant's counsel sought to withdraw Appellant's guilty plea because
that was Appellant's express desire. Had Appellant's counsel refused to assist Appellant in
withdrawing his guilty plea, which Appellant claimed was entered as a result of coercion from his
prior counsel, such a refusal itself could have amounted to coercion. We cannot conclude that
seeking to enforce a defendant's constitutional right to a trial by jury when a defendant expresses
such a desire falls below the professional norm of reasonableness. See Tex. Disciplinary R. Prof'l
Conduct 1.02(a)(3), reprinted in Tex. Gov't. Code Ann., tit. 2, subtit. G app. A (Vernon 1998)
(Tex. State Bar R. art. X, § 9) (in a criminal case, a lawyer shall abide by the client's decision, after
consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the
client will testify); see also Tex. Const. art. I, §§ 10, 15, art. V, § 13; Tex. Code Crim. Proc. Ann.
art. 1.12 (Vernon 1977). 

 As to the remaining alleged deficiencies in his trial counsel's performance, we hold that
Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant's trial counsel's reasons for choosing the course he did. As such, we cannot
conclude that Appellant's trial counsel was ineffective. Appellant's sole issue is overruled.

Conclusion 


 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.



 SAM GRIFFITH 

 Justice



Opinion delivered August 6, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





























(DO NOT PUBLISH)
1. After Appellant withdrew his guilty plea, the case was transferred to the 114th Judicial District Court of
Smith County, Texas.