NO. 12-03-00030-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JOHN B. BAREFOOT,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 John B. Barefoot ("Appellant") appeals his conviction for criminal trespass, for which he was
sentenced to confinement for one hundred eighty days and fined one thousand five hundred dollars. 
Appellant raises two issues on appeal. We affirm.


Background

 Appellant was charged by information with criminal trespass and pleaded "not guilty." The
matter proceeded to jury trial. During voir dire, Appellant's counsel asked the venire if anyone just
wanted to hear Appellant's side of the story. As a result of this question, the following exchange
occurred:


 [VENIREPERSON]: Uh-huh.

 

 [APPELLANT'S COUNSEL]: If he didn't testify, however, would you hold it against him in any way?


 [VENIREPERSON]: Well, I couldn't - I don't know, but I would like to hear his side, because that way, to 

 me, I would know whether to say whether he was guilty or not guilty.


 [APPELLANT'S COUNSEL]: Might make you -


 [VENIREPERSON]: And him not testifying and letting us know his side, then that's going to make it - make 

 me kind of not for sure - 


 ... .


 [APPELLANT'S COUNSEL]: Yes, ma'am. And if the Judge told you he has the right to testify and not to 

 testify, don't hold it against him if he doesn't testify, could you follow that?


 [VENIREPERSON]: I think I could.



Appellant's counsel did not seek to strike the venireperson that was a party to the aforementioned
exchange and she was ultimately seated on the jury. 

 With the jury empaneled, the State proceeded to make its opening statement, during which
the prosecuting attorney stated that Appellant was the prime suspect in an aggravated assault, which
was why deputies were looking for him on the night in question. Appellant's counsel did not object
to the prosecuting attorney's statement. At the conclusion of a trial on the merits, the jury found
Appellant guilty as charged. Thereafter, the trial court sentenced Appellant to confinement for one
hundred eighty days and fined Appellant one thousand five hundred dollars. This appeal followed.


Ineffective Assistance of Counsel

 In issues one and two, Appellant argues that his trial counsel was ineffective because (1)
he failed to strike the aforementioned venireperson, and (2) he failed to object to the prosecuting
attorney's statement that Appellant was the prime suspect in a recent aggravated assault case. 
Claims of ineffective assistance of counsel are evaluated under the two-step analysis articulated in
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step
requires the appellant to demonstrate that trial counsel's representation fell below an objective
standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 688,
104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm
of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
reviewing court will not find ineffectiveness by isolating any portion of trial counsel's
representation, but will judge the claim based on the totality of the representation. See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.]
1994, pet. ref'd).

 In the case at hand, the record is silent as to the reasons Appellant's trial counsel chose the
course he did. Thus, as to the alleged deficiencies in his trial counsel's performance, we hold that
Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant's trial counsel's reasons for choosing the course he did. Therefore, we cannot
conclude that Appellant's trial counsel was ineffective. Appellant's issues one and two are
overruled.



Conclusion 

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court.



 SAM GRIFFITH 

 Justice




Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





























(DO NOT PUBLISH)