NO. 12-03-00019-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DANNY WHALEY,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION

 Danny Whaley ("Appellant") appeals his conviction for driving while intoxicated, for which
he was sentenced to imprisonment for twenty years and fined one thousand dollars. Appellant raises
one issue on appeal. We affirm.


Background

 Appellant was indicted for driving while intoxicated and pleaded guilty. The trial court
announced Appellant's sentence as confinement for eleven years and a fine of five thousand dollars. 
Pursuant to the trial court's "timely pass for plea" system, Appellant was permitted to withdraw his
guilty plea after he was advised of his sentence by the trial court and the matter proceeded to trial
by jury.

 Following the presentation of evidence and argument of counsel, the jury found Appellant
guilty as charged. Appellant pleaded "true" to the enhancement paragraph in the indictment
regarding a previous felony conviction. Ultimately, the jury made its recommendation as to
punishment, and in accordance therewith, the trial court sentenced Appellant to imprisonment for
twenty years and fined Appellant one thousand dollars.


Ineffective Assistance of Counsel

 In his sole issue, Appellant argues that his trial counsel was ineffective because he allowed
Appellant to withdraw his guilty plea and proceed to jury trial in spite of the existence of facts and
circumstances not favorable to Appellant. Claims of ineffective assistance of counsel are evaluated
under the two-step analysis articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's
representation fell below an objective standard of reasonableness under prevailing professional
norms. See Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove
that they fell below the professional norm of reasonableness. See McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any
portion of trial counsel's representation, but will judge the claim based on the totality of the
representation. See Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.-
Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other
cases with inadequate records to support ineffective assistance claim). A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness
claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd).

 In the case at hand, Appellant chronicles, in great detail, his attorney's allegedly poor
performance at trial in seeking to emphasize that his attorney's advice to him to proceed to trial
amounted to ineffective assistance in and of itself. Yet, the record is silent as to whether Appellant's
counsel indeed advised Appellant with regard to Appellant's decision to withdraw his guilty plea and
proceed to trial, much less the reasons Appellant's trial counsel chose to so advise Appellant, if at
all. Moreover, the record is silent as to the reasons underlying Appellant's counsel's alleged
ineffective acts and omissions during the trial of the case at hand. Appellant cannot overcome the
strong presumption that his counsel performed effectively. Therefore, we hold that Appellant has
not met the first prong of Strickland because the record does not contain evidence concerning
Appellant's trial counsel's reasons for choosing the course he did. As such, we cannot conclude that
Appellant's trial counsel was ineffective. Appellant's sole issue is overruled.


Conclusion 

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and De Vasto, J.









(DO NOT PUBLISH)