NO. 12-03-00337-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WILLIE L. RAY,                                                §                 APPEAL FROM THE SEVENTH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Willie L. Ray (“Appellant”) appeals his forty-five-year sentence imposed following his
conviction for aggravated assault. Appellant raises one issue on appeal. We affirm. 
 
Background
            Appellant was indicted for aggravated assault and pleaded “not guilty.” The case was tried
before a jury, who found Appellant guilty. Following a trial on punishment, the jury assessed
Appellant’s punishment at imprisonment for forty-five years. The trial court sentenced Appellant
accordingly, and this appeal followed.
 
Ineffective Assistance of Counsel
            In his sole issue, Appellant argues that he received ineffective assistance of counsel with
respect to his trial on punishment. Appellant contends that some of his trial counsel’s ineffective
representation occurred prior to his trial on punishment, but impacted the punishment he ultimately
received nonetheless. Specifically, Appellant argues that his trial counsel was ineffective in that he
(1) failed to include in his voir dire examination questions concerning punishment issues, (2) failed
to object to evidence of Appellant’s prior convictions, (3) failed to object to evidence that
Appellant’s probation, which stemmed from a prior conviction, had been revoked, and (4) failed to
object to statements made by the prosecuting attorney in his closing arguments concerning the
sentences received by Appellant for his prior convictions. 
            The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:
 
              1.           Did the attorney’s performance fail to constitute “reasonably effective assistance,” i.e., did the defense
attorney’s representation fall below an objective standard of reasonableness under prevailing
professional norms? 
 
              2.           If so, was there a reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceedings could have been different?


See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 
            In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.]
1994, pet. ref'd).
            After proving error, the appellant must affirmatively prove prejudice. See Burruss v. State,
20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref’d). The appellant must prove that his
attorney's errors, judged by the totality of the representation and not by isolated instances of error,
denied him a fair trial. Id. It is not enough for the appellant to show that the errors had some
conceivable effect on the outcome of the proceedings. Id. He must show that there is a reasonable
probability that, but for his attorney’s errors, the jury would have had a reasonable doubt about his
guilt. Id.
            In the case at hand, Appellant argues at length as to why his trial counsel’s actions, or lack
thereof, fell below the professional norm. However, the record is silent as to the reasons Appellant’s
trial counsel chose the course he did. Thus, as to the alleged deficiencies in his trial counsel’s
performance, we hold that Appellant has not met the first prong of Strickland because the record
does not contain evidence concerning Appellant’s trial counsel’s reasons for choosing the course he
did. See Jackson, 973 S.W.2d at 955; Phetvongkham, 841 S.W.2d at 932; see also Beck, 976
S.W.2d at 266. Absent evidence supporting the underlying rationale for the alleged shortcomings
in his counsel’s performance, and given the strong presumption that Appellant’s counsel was
effective, we cannot conclude that Appellant's trial counsel’s performance fell below the professional
norm. 
            Furthermore, even assuming arguendo that Appellant satisfied the first prong of the
Strickland test, Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. 
It is not enough for the appellant to merely show that the errors had some conceivable effect on the
outcome of the proceedings. Id. 
            Despite repeated readings of Appellant’s brief, we can uncover no argument addressing the
second prong of the Strickland test. We iterate that the burden of proof as to this issue rests squarely
upon Appellant. See Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our
own conclusions absent some cogent argument on Appellant’s behalf that but for his counsel’s
alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings
would have been different. Appellant’s sole issue is overruled. 
Conclusion
            Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered August 11, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


























(DO NOT PUBLISH)