NO. 12-03-00347-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


OLIVER KNIGHT,                                            §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Oliver Knight appeals his conviction for aggravated assault, for which he was sentenced to
imprisonment for ten years and fined ten thousand dollars. Appellant raises one issue on appeal. 
We affirm.
Background
            Appellant was charged by indictment with aggravated assault. Appellant pleaded “not
guilty,” and the matter proceeded to trial by jury. The State made its opening statement. Appellant
reserved his opening statement until the State had put on its evidence. After the State rested its case-in-chief, Appellant’s attorney rested without introducing evidence or calling any witnesses.


 
Following closing argument, the jury found Appellant guilty as charged.
            The matter proceeded to a trial on punishment. After the State rested, Appellant called his
son as a witness. Ultimately, the jury assessed Appellant’s punishment at imprisonment for ten years
and a probated fine of ten thousand dollars. The trial court sentenced Appellant accordingly, and this
appeal followed.

Ineffective Assistance of Counsel
            In his sole issue, Appellant argues that he received ineffective assistance of counsel. 
Specifically, Appellant contends that his counsel was ineffective for the following reasons: (1) He
waived making an opening statement in the guilt-innocence phase of the trial; (2) he did not call any
witnesses in the guilt-innocence phase of the trial; (3) he did a less than adequate job of cross-examining the State’s witnesses; (4) his closing argument was restricted to matters outside the
record, to which the trial court sustained six of the State’s objections; (5) he waived making an
opening statement during the punishment phase of the trial; and (6) he called only one witness during
the punishment phase of the trial, from whom the State was able to elicit testimony adverse to
Appellant.
            Claims of ineffective assistance of counsel are evaluated under the two-step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires the appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel’s representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.
            To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.
            In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.]
1994, pet. ref'd).
            In the case at hand, Appellant chronicles, in great detail, his attorney’s allegedly poor
performance at trial. Yet, Appellant acknowledges that his claim had “a slim chance of prevailing
on direct appeal because the undeveloped record on appeal generally is too insufficient to allow a
Defendant to satisfy the two prongs of ... [the Strickland test].” Indeed, the record is silent as to the
reasons underlying Appellant’s counsel’s alleged ineffective acts and omissions during the trial of
the case at hand. As a result, Appellant cannot overcome the strong presumption that his counsel
performed effectively. Therefore, we hold that Appellant has not met the first prong of Strickland
because the record does not contain evidence concerning Appellant’s trial counsel’s reasons for
choosing the course he did. Thus, we cannot conclude that Appellant's trial counsel was ineffective. 
Appellant’s sole issue is overruled.

Conclusion
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered September 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)