NO. 12-03-00186-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


AARON WAYNE WALLER,                               §   APPEAL FROM THE 273RD
APPELLANT

V.                                                                          §   JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                          §   SHELBY COUNTY, TEXAS





MEMORANDUM OPINION
            Aaron Wayne Waller appeals his conviction for aggravated sexual assault of a child, for which
he was sentenced to imprisonment for life. Appellant raises one issue on appeal. We affirm.

Background
            Appellant was indicted for aggravated sexual assault of a child. Prior to the trial of the case,
Appellant’s attorney filed a motion to withdraw as counsel for Appellant contending that she was
unable to effectively communicate with Appellant so as to be able to adequately represent him. More
specifically, the motion urged that (1) Appellant questioned his counsel’s judgment on legal issues and
the evidentiary weight of the evidence that would be potentially offered against Appellant, (2)
Appellant lacked confidence in his attorney’s willingness to zealously defend him despite the work
already undertaken on his behalf, (3) Appellant believed and expressed to his attorney that he viewed
her as part of the prosecution in his case due to her past experience as a prosecutor, and (4) Appellant
had issues generally with females, which hindered his attorney’s ability to effectively represent him.
            The trial court denied Appellant’s counsel’s motion to withdraw. When, subsequently,
Appellant’s counsel reurged her motion, the trial court agreed to reconsider it and conducted a hearing
thereon. At that hearing, Appellant testified, in pertinent part, as follows:
            Q.          Mr. Waller, on – I believe on April 23rd or thereabout, you sent a letter to Judge
Griffin indicating you were having problems with me representing you; is that right?
 
              A.          Yes, I did.
 
              Q.          And subsequent to that time I filed a motion to withdraw as your lawyer. You’re
aware of that?
 
              A.          That’s right.
 
              ....          
 
              Q.          Mr. Waller, isn’t it true that you are accusing me on an ongoing basis of lying to you?
 
              A.          Yes, I did.
 
              Q.          And you don’t see that as something that’s going to change, do you?
 
              A.          Well, I guess eventually it will when all this is over. But I don’t think it will until
then. Ms. Price, you made some statements to me, I know for a fact. You told me you
had a semen sample from [the victim]. You told me several times, not just one time,
Ms. Price, but you told me several times you did. Then I said something about it, and
you said, no, you lied, it’s in Florida.
 
              Q.          Mr. Waller, as I’ve explained to you before, if you heard those words –
 
              A.          I heard it.
 
              Q.          – it did not come from me. I don’t think this Judge is interested in hearing a diatribe
between you and me at this time. It’s your belief that I have lied to you and I continue
to do so; correct?
 
              A.          I believe you have in the past. Yes, I do.
 
              Q.          Didn’t you accuse me of lying to you as late as this morning when we had our meeting
before the Judge called the case?
 
              A.          About what?
 
              Q.          About a number of issues that I attempted to discuss with you, Mr. Waller.
 
              A.          No, ma’am, I didn’t accuse you of lying.
 
              Q.          Did you, in fact, accuse me of acting in collusion with the State?
 
              A.          No, ma’am, I did not.
 
              Q.          Did you say that I was working for them, and I quote?
 
              A.          No, ma’am, I did not.
 
              Q.          Did you refuse to look at the motions that I filed in your case?
 
              A.          I asked you – I don’t even know what a motion is. Ma’am, I asked you.
 
              Q.          Did you refuse to look at the Notice of Extraneous Offenses and Unadjudicated
Offenses?
 
              A.          I looked at them. I looked at them.
 
              Q.          Did you refuse to completely look at those with me?
 
              A.          You didn’t ask me to look at them with you. You handed them to me and let me look
at them and I looked at them.
 
              Q.          Did I specifically ask you to read each of those with me?
 
              A.          No, ma’am.
 
              Q.          Mr. Waller, have I given you some legal advice with regard to the trial of this case in
front of the jury which you have indicated to me you will refuse to follow? 
Specifically, have you indicated to me that despite my advice you intend to take the
witness stand?
 
              A.          I told you this morning, that was my Constitutional right.
 
              Q.          And you intend to exercise it?
 
              A.          I didn’t say that. I said that was my Constitutional right.
 
The trial court again overruled Appellant’s counsel’s motion to withdraw.
            The matter proceeded to trial. Ultimately, the jury found Appellant guilty as charged and
assessed his punishment at imprisonment for life. The trial court sentenced Appellant accordingly,
and this appeal followed.
 
Denial of Motion to Withdraw as Counsel
            Appellant’s sole issue is multifarious. Appellant initially argues that the trial court erred in
overruling his trial counsel’s motion to withdraw. We review a trial court’s ruling on a trial counsel’s
motion to withdraw for abuse of discretion. See Brewer v. State, 649 S.W.2d 628, 631 (Tex. Crim.
App. 1983).
            Conflicts of personality and disagreements between counsel and client are not automatic
grounds for withdrawal. Solis v. State, 902 S.W.2d 95, 100 (Tex. Crim. App. 1990). The trial court
is under no duty to search for counsel until an attorney is found who is agreeable to the accused. Id. 
In the case at hand, the evidence supports little more than a conflict of personality between Appellant
and his trial counsel. Although Appellant testified that he believed his trial counsel had lied to him
in the past, there is no specific allegation raised in Appellant’s testimony that might have provided the
trial court insight as to whether the rift between the two amounted to more than a mere disagreement. 
A level of animosity between Appellant and his trial counsel is apparent from the record. However,
we cannot conclude from the record before us that the situation between Appellant and his trial counsel
amounted to more than a conflict in personalities or a series of disagreements. We hold that the trial
court did not abuse its discretion in overruling Appellant’s counsel’s motion to withdraw.
 
Ineffective Assistance of Counsel
            Appellant further argues that he received ineffective assistance of counsel. Claims of
ineffective assistance of counsel are evaluated under the two-step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the
appellant to demonstrate that trial counsel's representation fell below an objective standard of
reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 688, 104 S. Ct. at
2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be
ineffective assistance and affirmatively prove that they fell below the professional norm of
reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
reviewing court will not find ineffectiveness by isolating any portion of trial counsel’s representation,
but will judge the claim based on the totality of the representation. See Strickland, 466 U.S. at 695,
104 S. Ct. at 2069.
            To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance,
the result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct.
at 2068.
            In any case considering the issue of ineffective assistance of counsel, we begin with the strong
presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). We must presume counsel’s actions and decisions were reasonably professional and were
motivated by sound trial strategy. See id. Appellant has the burden of rebutting this presumption by
presenting evidence illustrating why his trial counsel did what he did. See id. Appellant cannot meet
this burden if the record does not affirmatively support the claim. See Jackson v. State, 973 S.W.2d
954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel
provided ineffective assistance); Phetvongkham v. State, 841 S.W.2d 928, 932 (Tex. App.–Corpus
Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim);
see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record
for ineffective assistance claim, citing numerous other cases with inadequate records to support
ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is
necessary for a proper evaluation of an ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).
            In the case at hand, Appellant chronicles, in great detail, his attorney’s allegedly poor
performance at trial. Yet, Appellant acknowledges that his claim had “a slim chance of prevailing on
direct appeal because the undeveloped record on appeal generally is too insufficient to allow a
Defendant to satisfy the two prongs of ... [the Strickland test].” Indeed, the record is silent as to the
reasons underlying Appellant’s counsel’s alleged ineffective acts and omissions during the trial of the
case at hand. As a result, Appellant cannot overcome the strong presumption that his counsel
performed effectively. Therefore, we hold that Appellant has not met the first prong of Strickland
because the record does not contain evidence concerning Appellant’s trial counsel’s reasons for
choosing the course she did. Thus, we cannot conclude that Appellant's trial counsel was ineffective. 
Appellant’s sole issue is overruled.
 
Conclusion
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.



(DO NOT PUBLISH)













COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
OCTOBER 29, 2004
 
NO. 12-03-00186-CR
 
AARON WAYNE WALLER,
Appellant
V.
THE STATE OF TEXAS,
Appellee





 Appeal from the 273rd Judicial District Court
 of Shelby County, Texas. (Tr.Ct.No. 03CR-15,851)
 

 

 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment of
the court below Be In All Things Affirmed and that this decision be certified to the court below
for observance.
                                    James T. Worthen, Chief Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


 

THE STATE OF TEXAS
M A N D A T E
TO THE 273RD JUDICIAL DISTRICT COURT OF SHELBY COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 29th
day of October, 2004, the cause upon appeal to revise or reverse your judgment between
 
AARON WAYNE WALLER, Appellant
 
NO. 12-03-00186-CR and Tr. Ct. Case Number 03CR-15,851
 
Opinion by Chief Justice James T. Worthen.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed and that this decision be certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk