# NO. 12-08-00233-CR
# NO. 12-08-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES A. COATS,*<br>*APPELLANT* | *§* | *APPEALS FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Coats appeals his convictions for possession of four hundred or more grams of cocaine with intent to deliver and possession of between one and four grams of methamphetamine, for which he was sentenced to imprisonment for forty years and twenty years respectively. In one issue, Appellant contends that he received ineffective assistance of counsel during his trial on punishment. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with possession of four hundred or more grams of cocaine with intent to deliver and possession of between one and four grams of methamphetamine.[1] Appellant pleaded "guilty" to the charges and the matter proceeded to a trial on punishment. Ultimately, the trial court found Appellant "guilty" as charged of each offense and sentenced Appellant to imprisonment for forty years for possession of cocaine with intent to deliver and twenty years for possession of methamphetamine. This appeal followed.

---

[1] The indictments each further alleged that Appellant was previously convicted for felon in possession of a firearm.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective because he failed to properly investigate Appellant's case and, as a result, failed to properly gather and present mitigating evidence in Appellant's trial on punishment.

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to

evaluate ineffective assistance claim); *see also **Beck v. State***, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See **Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

In the case at hand, Appellant catalogs in his brief numerous instances of mitigating evidence that were not presented at his trial on punishment as a result of his attorney's alleged ineffectiveness. Appellant sets forth that such information was possessed by his two siblings. Yet, Appellant's factual assertions concerning such mitigating evidence and these uncalled witnesses are not supported by the record. *See **Ex parte White***, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that the witness had been available to testify and that his testimony would have been of some benefit to the defense.); *see also **Tarango v. State***, No. 08-05-00231-CR, 2007 WL 900558, at *7 (Tex. App.–El Paso 2007, pet ref'd) (op., not designated for publication) (Because Appellant did not file a motion for new trial on the issue of ineffective assistance of counsel for failure to investigate, there is no evidence in the appellate record to support that claim.).

Here, Appellant filed a motion for new trial. However, in his motion, he made no reference to (1) his counsel's alleged ineffective assistance, (2) his argument regarding uncalled mitigation witnesses, or (3) any evidence that his counsel failed to present other forms of mitigating evidence that would have been of some benefit to his defense. Moreover, there is no indication from the record that Appellant requested a hearing on his motion for new trial so that he could attempt to elicit mitigating testimony from his siblings, thereby making a record of the evidence he claims supports his sole issue on appeal. As a result, Appellant can neither overcome the strong presumption that his counsel performed effectively nor demonstrate the requisite level of harm. Therefore, we hold that Appellant has not met either prong of ***Strickland*** because the record does not support the existence of mitigating evidence that underlies Appellant's sole issue. Thus, we cannot conclude that Appellant received ineffective assistance of counsel. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgments.


    **JAMES T. WORTHEN**    
Chief Justice


Opinion delivered July 24, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)