NO.
12-09-00213-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CARNELL
DAMOND ADIGHIJE,                 '                 APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Carnell
Damond Adighije appeals his conviction for injury to a child, for which he was
sentenced to imprisonment for eight years.  In one issue, Appellant contends
that he received ineffective assistance of counsel during his trial on
punishment.  We affirm.

 

Background

Appellant
was charged by indictment with injury to a child.  Appellant pleaded Aguilty,@ and the matter proceeded to jury
trial on punishment.  During the trial on punishment, the prosecuting attorney
made the following argument to the jury:

 

You know, maybe
[J.W.] can’t defend himself, but [y’all] can defend him.  [Y’all] can help
him.  And you can do that by putting that guy right there away for the full ten
years.  He’s earned every year of it.  And he’s going to be eligible in 2 1/2
years anyway to get out.  And I’m sorry about that, but that’s the law.  But
you can darn sure give him the full ten because he’s earned it.

 

….

 

You
know, if you give him the ten years, he will be eligible in 2 1/2 years to be
out on parole, okay.  He would have to report to a parole officer.  If he
re-offends, they’ll send him back[.] 

 

Appellant
did not object to the former of these two arguments, but did object to the
latter argument as being “outside the evidence.”  The trial court sustained
Appellant’s objection.

At
the conclusion of the trial on punishment, the jury assessed Appellant=s punishment at imprisonment for eight years.  The
trial court sentenced Appellant accordingly, and this appeal followed.

 

Ineffective
Assistance of Counsel

In
his sole issue, Appellant contends that he received ineffective assistance of
counsel at his trial on punishment.  Specifically, Appellant argues that his
trial counsel was ineffective for his failure to object to the prosecuting
attorney’s improper jury arguments concerning the application of parole law to
Appellant.

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel=s representation fell below an
objective standard of reasonableness under prevailing professional norms.  See
Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. 
To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they
fell below the professional norm of reasonableness.  See McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court
will not find ineffectiveness by isolating any portion of trial counsel=s representation, but will judge the claim based on
the totality of the representation.  See Strickland, 466
U.S. at 695, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, an appellant must prove that but for counsel=s deficient performance, the result of the
proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See id. 
Appellant has the burden of rebutting this presumption by presenting evidence
illustrating why his trial counsel did what he did.  See id.  Appellant
cannot meet this burden if the record does not affirmatively support the claim.
 See Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998)
(inadequate record on direct appeal to evaluate whether trial counsel provided
ineffective assistance); Phetvongkham v. State, 841 S.W.2d 928,
932 (Tex. App.–Corpus Christi 1992, pet. ref=d,
untimely filed) (inadequate record to evaluate ineffective assistance claim);
see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–Amarillo
1998, pet. ref=d) (inadequate record for
ineffective assistance claim, citing numerous other cases with inadequate
records to support ineffective assistance claim).  A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of
an ineffectiveness claim.  See Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.–Houston [1st Dist.] 1994, pet. ref=d).


Appellant=s burden on appeal is well established.  See Saenzpardo
v. State, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.BDallas 2005, no pet.) (op., not designated for
publication).  Before being condemned as unprofessional and incompetent,
defense counsel should be given an opportunity to explain his or her actions.  See
Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  Thus, absent
a properly developed record, an ineffective assistance claim must usually be
denied as speculative, and, further, such a claim cannot be built upon
retrospective speculation.  Id. at 835.  

Here,
Appellant sets forth in his brief that his attorney=s performance at trial fell below the professional
norm because he failed to object to the prosecuting attorney’s jury arguments
concerning the application of parole law to Appellant, but instead, objected to
only one of the statements that the argument was “outside the evidence.”  Yet
the record before us is silent about trial counsel’s strategy or why he did not
object to the arguments on the ground Appellant raises on appeal.  Normally, a
silent record cannot defeat the strong presumption of effective assistance of
counsel.  See Thompson v. State, 9 S.W.3d 808, 813-14
(Tex. Crim. App. 1999); but see Andrews v. State, 159 S.W.3d 98,
102-03 (Tex. Crim. App. 2005) (reversing a conviction Ain a rare case@ on the basis of ineffective
assistance of counsel when trial counsel did not object to a misstatement of
law by the prosecutor during argument).

Nonetheless,
Appellant argues that because the prosecuting attorney’s argument was
“manifestly improper and prejudicial,” this court should hold that Appellant’s
trial counsel lacked a reasonable basis for failing to object to it and that
the first prong of Strickland is thereby satisfied.  In some
“extremely unusual circumstances[,]” the record may contain all of the
information an appellate court needs to conclude that there could be “no
reasonable trial strategy for failing to object” to, for instance, a
prosecuting attorney’s misstatement of the law.  See Andrews, 159
S.W.3d at 103.  However, the Aextremely unusual circumstances@ present in Andrews are not before us
in the case at hand.  Failing to object to a misstatement of the law that is
detrimental to one’s client when the harm is so clearly presented by the record
on appeal is quite different from failing to object or objecting on other grounds
to improper prosecutorial argument as a matter of trial strategy.  Cf. Saenzpardo,
2005 WL 941339, at *2; Hartsfield v. State, 2009 WL 2767321, at
*2 (Tex. App.–Tyler Sept 2, 2009, pet. ref’d) (mem. op., not designated for
publication) (distinguishing facts in Andrews from situation in
which trial counsel failed to object to expert’s qualifications).  Counsel’s
reasons in Andrews, if any, were unnecessary to resolve the
ineffective assistance of counsel claim.  See Berry v. State, No.
05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas 2005, no pet.).  

Having
reviewed the record in the instant case, we conclude that the facts before us
are distinguishable from the facts in Andrews.  Thus, we
decline to hold that the record in the instant case contains all of the
information needed for us to conclude that there could be no reasonable trial
strategy for not objecting to the prosecuting attorney’s argument during a
trial on punishment.  See, e.g., Hartsfield, 2009 WL 2767321, at
*2.  Therefore, we hold that Appellant has not met the first prong of Strickland
because the record does not contain evidence concerning Appellant=s trial counsel=s reasons for choosing the course
he did.  As a result, Appellant cannot overcome the strong presumption that his
counsel performed effectively.  Appellant=s sole issue is overruled.

 

Disposition

Having
overruled Appellant=s sole issue, we affirm
the trial court=s judgment.

                                                                                                Brian Hoyle

                                                                                                     
Justice

Opinion delivered June 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)