# NO. 12-09-00335-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDDRICK KEITH LATSON,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## MEMORANDUM OPINION

Eddrick Keith Latson appeals his conviction for injury to a child, for which he was sentenced to imprisonment for ten years. In one issue, Appellant contends that he received ineffective assistance of counsel during his trial on punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to a child. Appellant pleaded "guilty," and the matter proceeded to a bench trial on punishment. During the trial on punishment, Appellant's counsel declined to present evidence, but merely called to the court is the attention absence from the presentence investigation report of any notation concerning Appellant's previous cooperation with the State.

At the conclusion of the trial on punishment, the trial court sentenced Appellant to imprisonment for ten years. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective for his failure to present evidence in mitigation of punishment.

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing

professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Appellant's burden on appeal is well established. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed

record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Here, Appellant sets forth in his brief that his attorney's performance at trial fell below the professional norm because he declined to present evidence at Appellant's trial on punishment concerning Appellant's background, social history, employment, rehabilitation measures, or suitability for probation. Appellant further contends that his trial counsel failed to offer evidence in mitigation of Appellant's criminal history. Yet, the record before us is silent about trial counsel's strategy or why he declined to present such evidence or what the substance of this evidence that allegedly should have been presented would have been. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See **Thompson v. State***, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see **Andrews v. State***, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

In ***Andrews***, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id.* The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id.* at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id.*

The "extremely unusual circumstances" present in ***Andrews*** are not present in the case at hand. Failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from determining what evidence to present or not present as a matter of trial strategy. *Cf. **Saenzpardo***, 2005 WL 941339, at *2; *see **Nabors v. State***, No 12-00-00371-CR, 2002

WL 1362470, at *7 (Tex. App.–Tyler June 21, 2002, pet. ref'd) (not designated for publication) (no record from which appellate court could determine whether counsel acted in reasonably professional manner in not calling any witnesses to mitigate punishment). Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas 2005, no pet.).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews*. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for not presenting mitigating evidence during Appellant's trial on punishment. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4