NO









NO. 12-09-00335-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

EDDRICK KEITH LATSON,

APPELLANT                                                     '     APPEAL
FROM THE 217TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Eddrick
Keith Latson appeals his conviction for injury to a child, for which he was
sentenced to imprisonment for ten years.  In one issue, Appellant contends that
he received ineffective assistance of counsel during his trial on punishment. 
We affirm.

 

Background

Appellant
was charged by indictment with injury to a child.  Appellant pleaded Aguilty,@ and the matter proceeded
to a bench trial on punishment.  During the trial on punishment, Appellant’s
counsel declined to present evidence, but merely called to the court is the attention
absence from the presentence investigation report of any notation concerning
Appellant’s previous cooperation with the State.

At
the conclusion of the trial on punishment, the trial court sentenced Appellant
to imprisonment for ten years.  This appeal followed.

 

Ineffective Assistance of Counsel

In
his sole issue, Appellant contends that he received ineffective assistance of
counsel at his trial on punishment.  Specifically, Appellant argues that his
trial counsel was ineffective for his failure to present evidence in mitigation
of punishment.

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel=s
representation fell below an objective standard of reasonableness under
prevailing professional norms.  See Strickland, 466
U.S. at 688, 104 S. Ct. at 2065.  To satisfy this step, the appellant must
identify the acts or omissions of counsel alleged to be ineffective assistance
and affirmatively prove that they fell below the professional norm of
reasonableness.  See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by
isolating any portion of trial counsel=s
representation, but will judge the claim based on the totality of the
representation.  See Strickland, 466 U.S. at 695, 104 S.
Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, an appellant must prove that but for counsel=s deficient performance, the result of the
proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See id.  Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what
he did.  See id.  Appellant cannot meet this burden if the record
does not affirmatively support the claim.  See Jackson v. State,
973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham
v. State, 841 S.W.2d 928, 932 (Tex. App.BCorpus
Christi 1992, pet. ref=d,
untimely filed) (inadequate record to evaluate ineffective assistance claim);
see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.BAmarillo 1998, pet. ref=d) (inadequate record for
ineffective assistance claim, citing numerous other cases with inadequate
records to support ineffective assistance claim).  A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of
an ineffectiveness claim.  See Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.BHouston
[1st Dist.] 1994, pet. ref=d).


Appellant=s burden on appeal is well
established.  See Saenzpardo v. State, No. 05-03-01518-CR, 2005
WL 941339, at *1 (Tex. App.BDallas
2005, no pet.) (op., not designated for publication).  Before being condemned
as unprofessional and incompetent, defense counsel should be given an
opportunity to explain his or her actions.  See Bone v. State, 77
S.W.3d 828, 836 (Tex. Crim. App. 2002).  Thus, absent a properly developed
record, an ineffective assistance claim must usually be denied as speculative,
and, further, such a claim cannot be built upon retrospective speculation.  Id.
at 835.  

Here,
Appellant sets forth in his brief that his attorney=s performance at trial fell below the
professional norm because he declined to present evidence at Appellant’s trial
on punishment concerning Appellant’s background, social history, employment,
rehabilitation measures, or suitability for probation.  Appellant further
contends that his trial counsel failed to offer evidence in mitigation of
Appellant’s criminal history.  Yet, the record before us is silent about trial
counsel=s strategy or
why he declined to present such evidence or what the substance of this evidence
that allegedly should have been presented would have been.  Normally, a silent
record cannot defeat the strong presumption of effective assistance of counsel. 
See Thompson v. State, 9 S.W.3d 808, 813B14 (Tex. Crim. App. 1999); but
see Andrews v. State, 159 S.W.3d 98, 102B03 (Tex. Crim. App. 2005) (reversing a
conviction Ain a rare
case@ on the basis of
ineffective assistance of counsel when trial counsel did not object to a
misstatement of law by the prosecutor during argument).

In
Andrews, the same prosecutor who filed a motion to cumulate the
sentences in four counts of sexual abuse later argued to the jury, AYou give him 20 years in
each case, it=s still
just 20 years.  It=s
still not 80.  You can give different amounts if you want.  You can give 20,
10, 10, five, it=s
still just 20.@  Id. 
at 100.  The appellant=s
trial counsel did not object to the prosecutor=s
misstatement of the law.  Id.  The trial court ultimately granted
the State=s motion to
cumulate the sentences and imposed a combined prison sentence of seventy-eight
years.  Id.  The court concluded that the argument left the jury
with the incorrect impression that the appellant=s
sentences could not be stacked and that the appellant would serve no more than
twenty years in prison for all four counts.  Id. at 103. 
Therefore, the court held that, under the Aextremely
unusual circumstances of [the] case,@
the record contained all of the information it needed to conclude that there
could be Ano
reasonable trial strategy for failing to object@
to the prosecutor=s
misstatement of the law.  Id. 

The
Aextremely unusual
circumstances@ present
in Andrews are not present in the case at hand.  Failing to
object to a misstatement of the law that is detrimental to one=s client when the harm is
so clearly presented by the record on appeal is quite different from
determining what evidence to present or not present as a matter of trial
strategy.  Cf. Saenzpardo, 2005 WL 941339, at *2; see Nabors
v. State, No 12-00-00371-CR, 2002 WL 1362470, at *7 (Tex. App.–Tyler
June 21, 2002, pet. ref’d) (not designated for publication) (no record from
which appellate court could determine whether counsel acted in reasonably
professional manner in not calling any witnesses to mitigate punishment). 
Counsel=s reasons in Andrews,
if any, were unnecessary to resolve the ineffective assistance of counsel
claim.  See Berry v. State, No. 05-04-01161-CR, 2005 WL 1515512,
at *3 (Tex. App.BDallas
2005, no pet.).  

Having
reviewed the record in the instant case, we conclude that the facts before us
are distinguishable from the facts in Andrews.  Thus, we
decline to hold that the record before us contains all of the information
needed for us to conclude that there could be no reasonable trial strategy for
not presenting mitigating evidence during Appellant’s trial on punishment. 
Therefore, we hold that Appellant has not met the first prong of Strickland
because the record does not contain evidence concerning Appellant=s trial counsel=s reasons for choosing the
course he did.  As a result, Appellant cannot overcome the strong presumption
that his counsel performed effectively.  Appellant=s sole issue is overruled.

Disposition

Having
overruled Appellant=s
sole issue, we affirm the trial court=s judgment.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)