# NO. 12-09-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARNELL DAMOND ADIGHIJE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Carnell Damond Adighije appeals his conviction for injury to a child, for which he was sentenced to imprisonment for eight years. In one issue, Appellant contends that he received ineffective assistance of counsel during his trial on punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to a child. Appellant pleaded "guilty," and the matter proceeded to jury trial on punishment. During the trial on punishment, the prosecuting attorney made the following argument to the jury:

> You know, maybe [J.W.] can't defend himself, but [y'all] can defend him. [Y'all] can help him. And you can do that by putting that guy right there away for the full ten years. He's earned every year of it. And he's going to be eligible in 2 1/2 years anyway to get out. And I'm sorry about that, but that's the law. But you can darn sure give him the full ten because he's earned it.
>
> ….
>
> You know, if you give him the ten years, he will be eligible in 2 1/2 years to be out on parole, okay. He would have to report to a parole officer. If he re-offends, they'll send him back[.]

Appellant did not object to the former of these two arguments, but did object to the latter argument as being "outside the evidence." The trial court sustained Appellant's objection.

At the conclusion of the trial on punishment, the jury assessed Appellant's punishment at imprisonment for eight years. The trial court sentenced Appellant accordingly, and this appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective for his failure to object to the prosecuting attorney's improper jury arguments concerning the application of parole law to Appellant.

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably

professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Appellant's burden on appeal is well established. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

Here, Appellant sets forth in his brief that his attorney's performance at trial fell below the professional norm because he failed to object to the prosecuting attorney's jury arguments concerning the application of parole law to Appellant, but instead, objected to only one of the statements that the argument was "outside the evidence." Yet the record before us is silent about trial counsel's strategy or why he did not object to the arguments on the ground Appellant raises on appeal. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); *but see Andrews v. State*, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

Nonetheless, Appellant argues that because the prosecuting attorney's argument was

"manifestly improper and prejudicial," this court should hold that Appellant's trial counsel lacked a reasonable basis for failing to object to it and that the first prong of **Strickland** is thereby satisfied. In some "extremely unusual circumstances[,]" the record may contain all of the information an appellate court needs to conclude that there could be "no reasonable trial strategy for failing to object" to, for instance, a prosecuting attorney's misstatement of the law. *See Andrews*, 159 S.W.3d at 103. However, the "extremely unusual circumstances" present in *Andrews* are not before us in the case at hand. Failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from failing to object or objecting on other grounds to improper prosecutorial argument as a matter of trial strategy. *Cf. Saenzpardo*, 2005 WL 941339, at *2; *Hartsfield v. State*, 2009 WL 2767321, at *2 (Tex. App.–Tyler Sept 2, 2009, pet. ref'd) (mem. op., not designated for publication) (distinguishing facts in *Andrews* from situation in which trial counsel failed to object to expert's qualifications). Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas 2005, no pet.).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews*. Thus, we decline to hold that the record in the instant case contains all of the information needed for us to conclude that there could be no reasonable trial strategy for not objecting to the prosecuting attorney's argument during a trial on punishment. *See, e.g., Hartsfield*, 2009 WL 2767321, at *2. Therefore, we hold that Appellant has not met the first prong of **Strickland** because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's sole issue is overruled.

<u>DISPOSITION</u>

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)

4