# NO. 12-10-00057-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDUARDO VALENCIA VIDALES,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eduardo Valencia Vidales appeals his conviction for aggravated assault with a deadly weapon, for which he was sentenced to imprisonment for fifteen years. In two issues, Appellant argues that the trial court erred in admitting hearsay testimony and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon and pleaded "not guilty." The matter proceeded to a jury trial. The evidence introduced at trial[1] reflects that in February 2009, Appellant was driving a car in which his two minor children and two other adults were passengers. Appellant stopped his vehicle at a stoplight next to a vehicle driven by Lance Phillips, who had previously been "tailgating" Appellant's car. According to Phillips, he looked over at the car next to him and saw a sudden flash, heard a loud noise, and felt a bullet graze his jeans. Phillips called 9-1-1 while he attempted to flee in his vehicle. Police later detained Appellant on the suspicion that he was involved in the shooting. Upon a search of Appellant's vehicle, officers discovered spent shell casings and multiple firearms. At trial,

---

[1] Appellant has not challenged the sufficiency of the evidence underlying his conviction.

investigating officers Stephen Lockhart and Thomas Guerrero testified that Appellant's son told his mother, who had arrived on the scene after Appellant was detained, that Appellant had "shot the gun."[2]

Ultimately, the jury found Appellant guilty as charged. The matter proceeded to a bench trial on punishment, after which the trial court sentenced Appellant to imprisonment for fifteen years. This appeal followed.

## HEARSAY

In his first issue, Appellant argues that the trial court erred in permitting Lockhart and Guerrero to testify concerning his son's statement that Appellant had fired a gun at someone. The State argues that Appellant has waived the issue.

With two exceptions not indicated by the record in the instant case, a party is required to continue to object each time inadmissible evidence is offered. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998). Here, Appellant's trial counsel objected when the State sought to elicit the testimony concerning Appellant's son's statement from Lockhart. The trial court overruled Appellant's objection. Subsequently, the State introduced evidence of essentially the same statement made by Appellant's son through Guerrero's testimony without objection from Appellant. Accordingly, we hold that by his failure to continue to object each time the allegedly inadmissible evidence was offered, Appellant failed to preserve error. *See Martinez*, 98 S.W.3d at 193. Appellant's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that his trial counsel was ineffective because he declined to object to the hearsay testimony elicited from Guerrero.

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an

---

[2] The record reflects that the child spoke Spanish to his mother and that Guerrero understood the statement and related it to Lockhart. According to Guerrero, the child stated that Appellant, who was driving the car, "leaned over the passenger and shot a gun at somebody."

objective standard of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland,* 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State,* 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State,* 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State,* 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State,* 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State,* 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Appellant's burden on appeal is well established. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828,

836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id*. at 835.

Here, Appellant sets forth in his brief that his attorney's performance at trial fell below the professional norm because he declined to object to the hearsay testimony elicited from Guerrero. Yet, the record before us is silent about trial counsel's strategy or why he declined to object to the hearsay testimony elicited from Guerrero. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); *but see Andrews v. State*, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005) (reversing conviction "in a rare case" on basis of ineffective assistance of counsel when trial counsel did not object to misstatement of law by prosecutor during argument).

In *Andrews*, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id*. at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id*. The trial court ultimately granted the State's motion to cumulate the sentences and imposed a combined prison sentence of seventy-eight years. *Id*. The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id*. at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id*.

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from declining to object to hearsay evidence that the trial court had previously admitted through another witness over objection. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). In the instant case, it is plausible that Appellant's trial counsel believed that even if he were successful, the State would, in

response, call Appellant's young child as a witness. Trial counsel also could have believed that the testimony of a child witness that his father fired a handgun at a motorist while he was in the car with two children could prove more inflammatory than Guerrero's brief testimony concerning this previous statement made by the child. *Cf., e.g., **Curtis v. State***, No. 01-03-00687-CR, 2004 WL 2118487, at *4 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (mem. op., not designated for publication) (when considering issue of ineffective assistance of counsel, court noted that trial counsel might have suspected that State could call witness to testify about test result if counsel objected to testimony concerning drug test).[3]

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews*. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for not objecting to Guerrero's testimony. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered August 3, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] Prior to trial, the State informed the trial court that it did not anticipate calling either of Appellant's children as witnesses. However, the State did not foreclose the possibility that it could call them to testify. In fact, the prosecuting attorney informed the trial court that he did not anticipate calling the children as witnesses "unless something happens and I need to for some type of rebuttal purpose."