NO.
12-10-00057-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

EDUARDO
VALENCIA VIDALES,                §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

     Eduardo
Valencia Vidales appeals his conviction for aggravated assault with a deadly
weapon, for which he was sentenced to imprisonment for fifteen years.  In two
issues, Appellant argues that the trial court erred in admitting hearsay
testimony and that he received ineffective assistance of counsel.  We affirm.

 

Background

            Appellant
was charged by indictment with aggravated assault with a deadly weapon and
pleaded “not guilty.”  The matter proceeded to a jury trial.  The evidence
introduced at trial[1] reflects that in February 2009,
Appellant was driving a car in which his two minor children and two other
adults were passengers.  Appellant stopped his vehicle at a stoplight next to a
vehicle driven by Lance Phillips, who had previously been “tailgating” Appellant’s
car.  According to Phillips, he looked over at the car next to him and saw a
sudden flash, heard a loud noise, and felt a bullet graze his jeans.  Phillips
called 9-1-1 while he attempted to flee in his vehicle.  Police later detained
Appellant on the suspicion that he was involved in the shooting.  Upon a search
of Appellant’s vehicle, officers discovered spent shell casings and multiple
firearms.  At trial, investigating officers Stephen Lockhart and Thomas
Guerrero testified that Appellant’s son told his mother, who had arrived on the
scene after Appellant was detained, that Appellant had “shot the gun.”[2]

            Ultimately,
the jury found Appellant guilty as charged.  The matter proceeded to a bench
trial on punishment, after which the trial court sentenced Appellant to
imprisonment for fifteen years.  This appeal followed.

 

Hearsay

            In
his first issue, Appellant argues that the trial court erred in permitting
Lockhart and Guerrero to testify concerning his son’s statement that Appellant
had fired a gun at someone.  The State argues that Appellant has waived the
issue.  

            With
two exceptions not indicated by the record in the instant case, a party is
required to continue to object each time inadmissible evidence is offered.  See
Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); Leday
v. State, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998).  Here,
Appellant’s trial counsel objected when the State sought to elicit the
testimony concerning Appellant’s son’s statement from Lockhart.  The trial
court overruled Appellant’s objection.  Subsequently, the State introduced
evidence of essentially the same statement made by Appellant’s son through
Guerrero’s testimony without objection from Appellant.  Accordingly, we hold
that by his failure to continue to object each time the allegedly inadmissible
evidence was offered, Appellant failed to preserve error.  See Martinez,
98 S.W.3d at 193.  Appellant’s first issue is overruled.

 

Ineffective
Assistance of Counsel

In
his second issue, Appellant argues that his trial counsel was ineffective
because he declined to object to the hearsay testimony elicited from Guerrero. 


Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to
demonstrate that trial counsel=s representation fell below an
objective standard of reasonableness under prevailing professional norms.  See
Strickland, 466 U.S. at 688, 104 S. Ct. at 2065.  To satisfy this
step, the appellant must identify the acts or omissions of counsel alleged to
be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness.  See McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).  The reviewing court will not find
ineffectiveness by isolating any portion of trial counsel=s representation, but will judge the claim based on
the totality of the representation.  See Strickland, 466
U.S. at 695, 104 S. Ct. at 2069.

To
satisfy the Strickland standard, the appellant is also required
to show prejudice from the deficient performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish
prejudice, an appellant must prove that but for counsel=s deficient performance, the result of the
proceeding would have been different.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068.

In
any case considering the issue of ineffective assistance of counsel, we begin
with the strong presumption that counsel was effective.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume
counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See id. 
Appellant has the burden of rebutting this presumption by presenting evidence
illustrating why his trial counsel did what he did.  See id. 
Appellant cannot meet this burden if the record does not affirmatively support
the claim.  See Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim.
App. 1998) (inadequate record on direct appeal to evaluate whether trial
counsel provided ineffective assistance); Phetvongkham v. State,
841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref=d, untimely filed) (inadequate record to evaluate
ineffective assistance claim); see also Beck v. State, 976
S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref=d) (inadequate record for ineffective assistance
claim, citing numerous other cases with inadequate records to support ineffective
assistance claim).  A record that specifically focuses on the conduct of trial
counsel is necessary for a proper evaluation of an ineffectiveness claim.  See
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994,
pet. ref=d). 

Appellant=s burden on appeal is well established.  See Saenzpardo
v. State, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas
2005, no pet.) (op., not designated for publication).  Before being condemned
as unprofessional and incompetent, defense counsel should be given an
opportunity to explain his or her actions.  See Bone v. State, 77
S.W.3d 828, 836 (Tex. Crim. App. 2002).  Thus, absent a properly developed
record, an ineffective assistance claim must usually be denied as speculative,
and, further, such a claim cannot be built upon retrospective speculation.  Id.
at 835.  

Here,
Appellant sets forth in his brief that his attorney=s performance at trial fell below the professional
norm because he declined to object to the hearsay testimony elicited from
Guerrero.  Yet, the record before us is silent about trial counsel=s strategy or why he declined to object to the
hearsay testimony elicited from Guerrero.  Normally, a silent record cannot
defeat the strong presumption of effective assistance of counsel.  See Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999); but see
Andrews v. State, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005)
(reversing conviction Ain a rare case@ on basis of ineffective assistance of counsel when
trial counsel did not object to misstatement of law by prosecutor during
argument).

In
Andrews, the same prosecutor who filed a motion to cumulate the
sentences in four counts of sexual abuse later argued to the jury, AYou give him 20 years in each case, it=s still just 20 years.  It=s still not 80.  You can give different amounts if
you want.  You can give 20, 10, 10, five, it=s
still just 20.@  Id. at 100.  The
appellant=s trial counsel did not object to
the prosecutor=s misstatement of the law.  Id. 
The trial court ultimately granted the State=s
motion to cumulate the sentences and imposed a combined prison sentence of
seventy-eight years.  Id.  The court concluded that the argument
left the jury with the incorrect impression that the appellant=s sentences could not be stacked and that the
appellant would serve no more than twenty years in prison for all four counts. 
Id. at 103.  Therefore, the court held that, under the Aextremely unusual circumstances of [the] case,@ the record contained all of the information it
needed to conclude that there could be Ano reasonable trial strategy for
failing to object@ to the prosecutor=s misstatement of the law.  Id. 

The
“extremely unusual circumstances” present in Andrews are not
present in the case at hand.  Failing to object to a misstatement of the law
that is detrimental to one=s client when the harm is so
clearly presented by the record on appeal is quite different from declining to
object to hearsay evidence that the trial court had previously admitted through
another witness over objection.  Counsel=s reasons in Andrews,
if any, were unnecessary to resolve the ineffective assistance of counsel
claim.  See Berry v. State, No. 05-04-01161-CR, 2005 WL 1515512,
at *3 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). 
In the instant case, it is plausible that Appellant’s trial counsel believed
that even if he were successful, the State would, in response, call Appellant’s
young child as a witness.  Trial counsel also could have believed that the
testimony of a child witness that his father fired a handgun at a motorist
while he was in the car with two children could prove more inflammatory than
Guerrero’s brief testimony concerning this previous statement made by the
child.  Cf., e.g., Curtis v. State, No. 01‑03‑00687‑CR,
2004 WL 2118487, at *4 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d) (mem.
op., not designated for publication) (when considering issue of ineffective
assistance of counsel, court noted that trial counsel might have suspected that
State could call witness to testify about test result if counsel objected to
testimony concerning drug test).[3]

Having
reviewed the record in the instant case, we conclude that the facts before us
are distinguishable from the facts in Andrews.  Thus, we
decline to hold that the record before us contains all of the information
needed for us to conclude that there could be no reasonable trial strategy for
not objecting to Guerrero’s testimony.  Therefore, we hold that Appellant has
not met the first prong of Strickland because the record does not
contain evidence concerning Appellant=s trial counsel=s reasons for choosing the course he did.  As a
result, Appellant cannot overcome the strong presumption that his counsel
performed effectively.  Appellant=s second issue is overruled.

 

Disposition

Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                             Sam
Griffith

                                                                                                     
Justice

 

 

 

Opinion
delivered August 3, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 

 









[1] Appellant has
not challenged the sufficiency of the evidence underlying his conviction. 





 

[2]
The record reflects that the child spoke Spanish to his mother and that
Guerrero understood the statement and related it to Lockhart.  According to
Guerrero, the child stated that Appellant, who was driving the car, “leaned
over the passenger and shot a gun at somebody.” 





[3] Prior to
trial, the State informed the trial court that it did not anticipate calling
either of Appellant’s children as witnesses.  However, the State did not
foreclose the possibility that it could call them to testify.  In fact, the prosecuting
attorney informed the trial court that he did not anticipate calling the
children as witnesses “unless something happens and I need to for some type of
rebuttal purpose.”