# NOS. 12-13-00076-CR
## 12-13-00077-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GLORIA JEAN WALKER,* *APPELLANT* | § | *APPEALS FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gloria Jean Walker appeals her convictions for injury to a child and kidnapping, for which she was sentenced to imprisonment for thirty years and eight years respectively. In a single issue, Appellant contends she received ineffective assistance of counsel at trial. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with injury to a child and kidnapping. Appellant pleaded "not guilty" in each cause. Thereafter, Appellant filed a motion to sever the charges against her from those filed against her daughter, who was a codefendant. The trial court conducted a hearing, following which it denied Appellant's motion. The matter proceeded to a jury trial, and the jury found Appellant "guilty" of each of the charged offenses. After a trial on punishment, the jury assessed Appellant's punishment at thirty years for injury to a child and eight years for kidnapping. This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In her sole issue, Appellant argues that she received ineffective assistance of counsel. Specifically, she argues that her trial counsel was ineffective because he (1) failed to offer evidence in support of her motion to sever, (2) failed to object to Appellant's daughter's hearsay

statements implicating Appellant's involvement in the charged offenses offered through the testimony of a law enforcement officer, and (3) failed to reassert the motion to sever after these hearsay statements were admitted.

## Governing Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id*. Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007) (where appellant argued ineffective assistance because trial counsel failed to offer any mitigating evidence during punishment phase of trial, without record indicating reasons for a trial counsel's actions or intentions, court presumed trial counsel had reasonable trial strategy); *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet.

ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also **Beck v. State***, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See **Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Appellant's burden on appeal is well established. *See **Saenzpardo v. State***, No. 05-03-01518-CR, 2005 WL 941339, at *1 (Tex. App.–Dallas 2005, no pet.) (op., not designated for publication). Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See **Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

## Evaluation of Trial Counsel's Representation

Here, Appellant sets forth in her brief that her attorney's performance at trial fell below the professional norm because he failed to (1) offer evidence in support of her motion to sever, (2) object to hearsay statements that formed the basis of the motion, and (3) reassert the motion after hearsay statements were admitted. Yet, the record before us is silent about trial counsel's underlying strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See **Garza***, 213 S.W.3d at 348; ***Thompson v. State***, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see **Menefield***, 363 S.W.3d at 593 (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); ***Andrews v. State***, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).

In ***Andrews***, the same prosecutor who filed a motion to cumulate the sentences in four counts of sexual abuse later argued to the jury, "You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20." *Id.* at 100. The appellant's trial counsel did not object to the prosecutor's misstatement of the law. *Id.* The trial court ultimately granted the State's motion to cumulate the

sentences and imposed a combined prison sentence of seventy-eight years. *Id*. The court concluded that the argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. *Id*. at 103. Therefore, the court held that, under the "extremely unusual circumstances of [the] case," the record contained all of the information it needed to conclude that there could be "no reasonable trial strategy for failing to object" to the prosecutor's misstatement of the law. *Id*.

The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*, No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But counsel's failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from determining whether to offer evidence, object to testimony, or reassert a motion that has already been overruled as a matter of trial strategy. *Cf. Garza*, 213 S.W.3d at 348; *Saenzpardo*, 2005 WL 941339, at *2; *see Kelley v. State*, No. 12-07-00063-CR, 2008 WL 2571831, at *3–4 (Tex. App.–Tyler June 30, 2008) (mem. op., not designated for publication) (failure of trial counsel to object to testimony at trial not ineffective assistance because counsel's underlying reasons for decision not demonstrated by record); *Cardenas v. State*, No. 04-03-00527-CR, 2004 WL 33053, at *1 (Tex. App.–San Antonio Jan. 7, 2004, no pet.) (mem. op., not designated for publication) (trial counsel's decision to not reurge motion for continuance at conclusion of voir dire presumed to be matter of trial strategy); *Bush v. State*, No. 02-01-00399-CR, 2003 WL 360954, at *2 (Tex. App.–Fort Worth Feb. 20, 2003, pet. ref'd) (mem. op., not designated for publication) (decision of trial counsel to not offer to stipulate to appellant's prior DWI convictions for jurisdictional purposes not ineffective assistance because counsel's underlying reasons for decision not demonstrated by record); *Nabors v. State*, No 12-00-00371-CR, 2002 WL 1362470, at *7 (Tex. App.–Tyler June 21, 2002, pet. ref'd) (not designated for publication) (no record from which appellate court could determine whether counsel acted in reasonably professional manner in not calling any witnesses to mitigate punishment).

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information

4

needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. Therefore, we hold that Appellant has not met the first prong of **Strickland** because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we **affirm** the trial court's judgments.


SAM GRIFFITH
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-13-00076-CR**

**GLORIA JEAN WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR-12-8294)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-13-00077-CR**

**GLORIA JEAN WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CR-12-8295)

THESE CAUSES came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*